IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICK J. FITZGERALD

                Plaintiff,                              ORDER

      v.                                               11-cv-262-wmc

FRANCIS X. SULLIVAN, DAVID BURNETT,
TIM GREIL, KENNETH ADLER,
RICHARD HEIDORN and GARY LAGORE,

                Defendants.

---

Plaintiff Patrick J. Fitzgerald, a prisoner at the Kettle Moraine Correctional Institution in Plymouth, Wisconsin, has submitted a proposed complaint under 42 U.S.C. 1983 alleging that defendants were deliberately indifferent to his serious medical needs while he was in the custody of the Wisconsin Department of Corrections. He asks for leave to proceed *in forma pauperis*. According to plaintiff's cover letter filed with his complaint, he is set to be released today, April 12, 2011. Because plaintiff filed this case while a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed with his complaint *in forma pauperis*, plaintiff will have to make an initial partial payment of the filing fee.

From the trust fund account statement plaintiff has submitted, I calculate his initial partial payment to be $20.24. Once plaintiff's payment has been received, his complaint will be taken under advisement for screening to 28 U.S.C. § 1915(e)(2) to determine whether the case must be dismissed either because the complaint is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. Plaintiff will be notified promptly when such a decision has been

made. Plaintiff should be aware that he must pay the remainder of the fee in monthly installments even if his request for leave to proceed is denied.

Another matter requires further comment. Plaintiff's cover letter states that he will be "released on 4/12 and returning shortly after on a new case" In the event that plaintiff is returned to the custody of the Wisconsin Department of Corrections, he will have to arrange with prison authorities to pay some or all of the assessment from his release account if he does not have the money to make the initial partial payment in his regular account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $22.24 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. If plaintiff is in the custody of the Wisconsin Department of Corrections, he should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court. Lastly, plaintiff must be sure to keep the court updated as to his current address at all times.

ORDER

IT IS ORDERED that plaintiff Patrick Fitzgerald is assessed $20.24 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $20.24 on or before May 4, 2011. If, by May 4, 2011, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he

will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 12th day of April, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge